IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT BEARD,

    Plaintiff,

v.

WARDEN HARRINGTON,

    Defendant.

No. C 10-03837 SBA (PR)

**ORDER OF DISMISSAL**

The following background is taken from the Court's February 1, 2011 Order:

> Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 as well as a request for leave to proceed in forma pauperis. On October 27, 2010, the Court granted Plaintiff's request for leave to proceed in forma pauperis, and the Clerk of the Court mailed a copy of the order to Plaintiff. On November 10, 2010, Plaintiff's copy of the October 27, 2010 Order was returned as undeliverable with a notation: "Return to Sender -- Inmate Refused."

(Feb. 1, 2011 Order at 1.) Therefore, the Court ordered, inter alia, as follows:

> In the instant case, mail sent to Plaintiff was returned as undeliverable with a notation: "Return to Sender -- Inmate Refused." Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish whether Plaintiff intends to continue to prosecute this action. Plaintiff shall file a notice of his continued intent to prosecute no later than **thirty (30) days** of the date of this Order. Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. See Malone, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

(Id. at 1-2.)

On February 10, 2011, Plaintiff filed a notice of his continued intent to prosecute as well as a document entitled, "Complaint Demand for Jury Trial."

The Court now reviews Plaintiff's original complaint and his "Complaint Demand for Jury Trial," and it finds that Plaintiff has not exhausted California's prison administrative process.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once

1  within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now
2  mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).  All available remedies must now be
3  exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and
4  effective.'" Id. (citation omitted).  Even when the prisoner seeks relief not available in grievance
5  proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner,
6  532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner suits about prison
7  life, whether they involve general circumstances or particular episodes, and whether they allege
8  excessive force or some other wrong. Porter, 534 U.S. at 532.  PLRA's exhaustion requirement
9  requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81,
10 94 (2006).

11      The State of California provides its prisoners the right to appeal administratively "any
12 departmental decision, action, condition or policy perceived by those individuals as adversely
13 affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them the right to file
14 appeals alleging misconduct by correctional officers/officials. Id. § 3084.1(e).  In order to exhaust
15 available administrative remedies within this system, a prisoner must proceed through several levels
16 of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form;
17 (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director
18 of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235,
19 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's
20 level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

21      Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by
22 defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).
23 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a complaint may be dismissed by
24 the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
25 exhaustion applies." Id. at 1120.  Here, Plaintiff concedes he has not exhausted his administrative
26 remedies.  In his original complaint, under the heading "Exhaustion of Administrative Remedies," he
27 was asked "Is the process completed?" and he answered "No."  (Compl. at 2.)  He adds that he has
28

"been waiting for a response from the appeals coordinator."  (Id.)  Plaintiff has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.  The Clerk of the Court shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED:   5/13/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.10\Beard3837.dismiss-UNEXH.wpd

1 UNITED STATES DISTRICT COURT
FOR THE
2 NORTHERN DISTRICT OF CALIFORNIA

ROBERT BEARD,

        Plaintiff,

  v.

HARRINGTON et al,

        Defendant.

Case Number: CV10-03837 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Beard H-95755
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960

Dated: May 16, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Beard3837.dismiss-UNEXH.wpd